Ernest Chen, SB#: 258561
**LAW OFFICES OF CHEN & LEE**
4616 Duckhorn Dr.
Sacramento, CA 95834
Telephone: 916-564-8700
Fax: 916-880-5601
Email: info@chenleelaw.com

Attorney for Claimant

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No.: 2:18 CV-00748-KJM-CKD |
| vs. | ) ) ) |
| REAL PROPERTY LOCATED AT 6480 MARYSVILLE ROAD, BROWNS VALLEY, CALIFORNIA, YUBA COUNTY APN:044-270-024-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) ) ANSWER TO VERIFIED ) COMPLAINT FOR FORFEITURE *IN* ) *REM* ) ) ) |
| REAL PROPERTY LOCATED AT 103357 BECKLEY WAY, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-1580-060-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | ) ) ) ) JURY TRIAL DEMANDED ) ) ) |
| REAL PROPERTY LOCATED AT 474 LAURELLEN ROAD, MARYSVILLE, CALIFORNIA, YUBA COUNTY, APN: 018-280-016, INCLUDING APPURTENANCES AND IMPROVEMENTS THERETO, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**ANSWER TO COMPLAINT FOR FORFEITURE IN REM**

Claimant, Zhong Yan Yang, (herein after "Claimant"), by and through his attorneys at the Law Offices of Chen & Lee, hereby files his Answer and Affirmative Defenses to Plaintiff's Civil Complaint for Forfeiture In Rem and admits, denies, and alleges as follows:

1. Claimant asserts that the allegation in paragraph 1 of the Complaint is a legal conclusion.  No response is required.  To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions.

2. Claimant asserts that the allegation in paragraph 2 is a legal conclusion.  No response is required.  To the extent that a response is appropriate, Claimant denies that this jurisdiction is proper for this action in order to preserve all appropriate defenses.

3. Claimant asserts that the allegation in paragraph 3 of the Complaint is a legal conclusion. No response is required. To the extent that a response is appropriate, Claimant denies that this venue is appropriate for this action in order to preserve all appropriate defenses.

4. Claimant admits that real properties located at 6480 Marysville Road, California is situated in the city of Brown Valley, county of Yuba (hereinafter "Defendant 6480 Marysville Road" or "6480 Marysville Road"). Claimant does not have sufficient knowledge to form a belief as to the truth of other allegations relating to other defendant properties.

5. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 5.  Therefore, Claimant denies all allegations in paragraph 5.

6. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 6.  Therefore, Claimant denies all allegations in paragraph 6.

7. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 7.  Therefore, Claimant denies all allegations in paragraph 7.

8. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 8.  Therefore, Claimant denies all allegations in paragraph 8.

9.  Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 9.  Therefore, Claimant denies all allegations in paragraph 9.

10. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 10.  Therefore, Claimant denies all allegations in paragraph 10.

11. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 11.  Therefore, Claimant denies all allegations in paragraph 11.

12. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 12.  Therefore, Claimant denies all allegations in paragraph 12.

13. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 13.  Therefore, Claimant denies all allegations in paragraph 13.

14. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 14.  Therefore, Claimant denies all allegations in paragraph 14.

15. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 15.  Therefore, Claimant denies all allegations in paragraph 15.

16. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 16.  Therefore, Claimant denies all allegations in paragraph 16.

17. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 17.  Therefore, Claimant denies all allegations in paragraph 17.

18. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 18.  Therefore, Claimant denies all allegations in paragraph 18.

19. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 19.  Therefore, Claimant denies all allegations in paragraph 19.

20. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 20.  Therefore, Claimant denies all allegations in paragraph 20.

21. Based on information and belief, Claimant admits that a search warrant was executed on 6480 Marysville Road on or about January 24, 2018. Claimant leased the property and as such Claimant does not have sufficient knowledge at this time to form a belief as to

ANSWER TO COMPLAINT FOR FORFEITURE IN REM

the truth of all other allegations in paragraph 21.  Therefore, Claimant denies all other allegations in paragraph 21.

22. Claimant admits that he is the owner of Defendant 6480 Marysville Road. Claimant admits that funds were borrowed from friends and families in China and wired from China for the purchased of the property. Claimant admits that he obtained financing for the purchase of the property.

23. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 23.  Therefore, Claimant denies all allegations in paragraph 23.

24. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 24.  Therefore, Claimant denies all allegations in paragraph 24.

25. Claimant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 25.  Therefore, Claimant denies all allegations in paragraph 25.

26. All responses made to Paragraphs 1 through 25 of the Complaint are re-alleged and incorporated herein, by reference

27. Claimant asserts that the allegations in paragraph 27 are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action.

28. Claimant asserts that the allegations in paragraph 28 are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action.

29. All responses made to Paragraphs 1 through 25 of the Complaint are re-alleged and incorporated herein, by reference.

30. Claimant asserts that the allegations in paragraph 30 are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action on the grounds that any restraint or encumbrance on Defendant 6480 Marysville

Road during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's constitutional rights and Claimant's right to free alienation of his property.

31. Claimant asserts that the allegations in paragraph 30 are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions. Claimant objects and opposes Plaintiff's proposed action on the grounds that any restraint or encumbrance on Defendant 6480 Marysville Road during the pendency of this action without reasonable allegations of wrongdoing by Claimant violates Claimant's constitutional rights and Claimant's right to free alienation of his property.

32. Claimant asserts that the allegations in paragraph 32 are legal conclusions. No response is required. To the extent that a response is appropriate, Claimant denies Plaintiff's allegations and legal conclusions.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim that Defendant 6480 Marysville Road real property is subject to forfeiture pursuant to 21 U.S.C § 881(a)(6) because defendant 6480 Marysville Road real property was used to facilitate violation of 21 U.S.C. §§ 841 et seq. is a claim upon which relief cannot be granted in this case because Claimant is informed and believes that Defendant 6480 Marysville Road was occupied by legitimate tenant(s).  Claimant was engaged in a legal business investment when he purchased and leased out Defendant 6480 Marysville Road to legitimate tenant(s) and DID NOT purchase or lease out the Defendant 6480 Marysville Road for the purpose of, or with knowledge of, or intent of, or suspicion of facilitating an illegal activity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim for which relief can be granted.

ANSWER TO COMPLAINT FOR FORFEITURE IN REM

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing this civil forfeiture action because it has failed to conduct an adequate investigation and filed its Complaint without sufficient prior analysis of the facts to reasonably ascertain Claimant's role or ownership status.

### FOURTH AFFIRMATIVE DEFENSE

The Allegations contained in Plaintiff's Complaint are compound, vague and ambiguous.

### FIFTH AFFIRMATIVE DEFENSE

Claimant has acted in good faith at all times relevant to the Complaint with no knowledge of or intent of facilitating an illegal activity, and if there is a factual finding of an illegal activity that involved Defendant 6480 Marysville Road then Claimant is a victim who had no knowledge or ability to know of fraud or misrepresentation by tenant(s).

### SIXTH AFFIRMATIVE DEFENSE

Claimant, as innocent owner, did not know, or have reason to know, or have suspicion to undertake a duty to know even after exercise of reasonable diligence that the property in question was being employed or was likely to be employed in an alleged criminal activity, and as such Claimant is a victim of fraud or misrepresentation by tenant(s).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's seizure of Defendant 6480 Marysville Road violates Claimant's Fourth Amendment right to be free from illegal searches and seizures, as Claimant denies participation in or knowledge of any alleged illegal activities at Defendant 6480 Marysville Road until notification by Plaintiff.

/ / /

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from obtaining a forfeiture judgment because it obtained the warrant through incorrect, misleading or incomplete allegations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine, insomuch as that Plaintiff may have illegally obtained a search warrant or executed its search warrant beyond the scope provided or breached Constitutional protections in the search of persons and property at Defendant 6480 Marysville Road.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot obtain the forfeiture it seeks because the result would be constitutionally disproportionate, where Claimant would be subject to seizure of property worth substantial value even without knowledge, participation, or connection to the alleged illegal activity.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot obtain a forfeiture judgment because it has not acted in good faith, given that there is no reasonable suspicion or facts to substantiate that even with reasonable diligence Claimant knew of or should have known of alleged illegal activities at Defendant 6480 Marysville Road and thus Plaintiff would be intentionally, knowingly, and purposefully seeking a forfeiture judgment against a wholly innocent party/victim.

### RESERVATION OF RIGHTS

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

### **RELIEF**

WHEREFORE, the Claimant respectfully prays that the Court will:

a. Dismiss the Plaintiff/Government's Complaint and enter judgment on behalf of Claimant;

b. Award injunctive relief to Claimant prohibiting further actions against Claimant's property by Plaintiff/Government and to affirmatively require Plaintiff/Government to remove any and all encumbrances on Claimant's property;

c. Deny issuance of certificate of probable cause pursuant to 28 U.S. Code § 2465 should Plaintiff/Government seek seizure and to award costs and attorney fees to Claimant pursuant to the same;

d. Provide Claimant with demand for trial by jury on any issues so triable;

e. Provide such relief as the Court deems proper and just.

### DEMAND FOR JURY

Plaintiff does hereby demand that this matter be tried before a jury

Dated:  June 25, 2018                    Respectfully Submitted,

**LAW OFFICES OF CHEN & LEE**


By:    _/s/ Ernest Chen_____

Ernest Chen, Attorney for

Claimant

ANSWER TO COMPLAINT FOR FORFEITURE IN REM