McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18−CV−00748−KJM−CKD |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED 6480 MARYSVILLE ROAD, BROWNS VALLEY, CALIFORNIA, YUBA COUNTY, APN: 044-270-024-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED 10357 BECKLEY WAY, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-1580-060-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |
| REAL PROPERTY LOCATED 474 LAURELLEN ROAD, MARYSVILLE, CALIFORNIA, YUBA COUNTY, APN: 018-280-016, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendants. | |

The United States and Claimants Dong Mei Xue, Zhong Yan Yang, Gary Abrams, as Trustee of the Gary Abrams Living Trust, and Zinc Financial, Inc. hereby stipulate that a stay is necessary in the

above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal cases, <u>United States v. Leonard Yang, et al.</u>, Case 2:16-CR-00189-KJM and <u>United States v. Xiu Ping Li, et al.</u>, Case No. 2:17-CR-00136-KJM, and ongoing criminal investigation into marijuana grows at the defendant properties.

1. This is a forfeiture *in rem* action against three properties pursuant to 21 U.S.C. § 881(a)(7) because they allegedly were used and intended to be used to commit or facilitate violations of federal drug laws:

      a. Real Property located at 6480 Marysville Road, Browns Valley, California, the "*Defendant Marysville Road.*" Zhong Yan Yang has filed a claim asserting an ownership interest in defendant Marysville Road. Gary Abrams, Trustee of the Gary Abrams Living Trust, filed a claim asserting a lienholder interest in defendant Marysville Road.

      b. Real Property located at 10357 Beckley Way, Elk Grove, California, the "*Defendant Beckley Way.*" Dong Mei Xue has filed a claim asserting an ownership interest in defendant Beckley Way. Socotra Fund, LLC filed a claim asserting a lienholder interest in defendant Beckley Way. This property was sold and the proceeds were used to satisfy Socotra Fund's loan.[1] The net proceeds from the sale shall be substituted for the defendant Beckley Way.

      c. Real Property located at 474 Laurellen Road, Marysville, California, the "*Defendant Laurellen Road*". Only Zinc Financial, Inc., a lienholder, has asserted an interest in defendant Laurellen Road. A clerk's default has been entered against the owner of record, Yifeng Ren. The defendant Laurellen Road is currently in default and the loan continues to accrue penalties and interest.

3. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant properties were used and intended to be used to commit or facilitate violations of federal drug laws in violation of 21 U.S.C. §§ 841 *et seq*. Claimants deny these allegations.

4. To date, several individuals have been charged with federal crimes related to marijuana manufacturing and distribution in two related cases, <u>United States v. Leonard Yang, et al.</u>, Case 2:16-CR-00189-KJM and <u>United States v. Xiu Ping Li, et al.</u>, Case No. 2:17-CR-00136-KJM. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant properties. Nevertheless, the United States intends to depose

---

[1] Accordingly, Socotra Fund, LLC no longer has an interest in Defendant Beckley Way.

claimants (and others) regarding their ownership of the defendant properties, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant properties, as well as the circumstances behind the purchase of the properties. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant properties, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

5.      In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Drug Enforcement Administration ("DEA"). Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

6.      The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal cases. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

7.      If any of the defendant properties go into default, the parties reserve the right to seek all avenues of redress to preserve the real properties, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the properties.

Dated: 7/26/2018                                    McGREGOR W. SCOTT
                                                    United States Attorney


                                        By:     /s/ Kevin C. Khasigian
                                                KEVIN C. KHASIGIAN
                                                Assistant U.S. Attorney


Dated: 7/27/18                                   /s/ J. Patrick McCarthy
                                                J. PATRICK MCCARTHY
                                                Attorney for Claimant Dong Mei Xue
                                                (Authorized by email)

Dated: 7/31/18                              /s/ Steven K. Vote
                                            STEVEN K. VOTE
                                            Attorney for Claimant Zinc Financial
                                            (Signature retained by attorney)

Dated: 7/27/18                              /s/ Edward T. Weber
                                            EDWARD T. WEBER
                                            Attorney for Claimant Gary Abrams,
                                            Trustee of the Gary Abrams Living Trust
                                            (Signature retained by attorney)

Dated: 7/31/18                              /s/ Ernest Chen
                                            ERNEST CHEN
                                            Attorney for Claimant Zhong Yan Yang
                                            (Authorized by email)

**ORDER**

For the reasons set forth above, this matter is stayed under 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal cases. The parties shall file a joint status report within 30 days of the conclusion of the parallel criminal cases, or as the court deems appropriate.

IT IS SO ORDERED.

DATED: August 6. 2018.

_____
UNITED STATES DISTRICT JUDGE